1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT  06905
8  Telephone:  (203) 653-2250
   Facsimile:  (203) 653-3424
9
10 Attorneys for Plaintiff,
   Elena Adame-Chavez
11

12

13

14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

15

16  Elena Adame-Chavez,

17              Plaintiff,

18       vs.

19  Source Receivables Management, LLC;
    and DOES 1-10, inclusive,
20
              Defendants.
21

22

Case No. **C12-5627** DMR ADR

**COMPLAINT FOR DAMAGES**
**1. VIOLATION OF FAIR DEBT**
**COLLECTION PRACTICES ACT,**
**15 U.S.C. § 1692 ET. SEQ;**
**2. VIOLATION OF FAIR DEBT**
**COLLECTION PRATICES ACT,**
**CAL.CIV.CODE § 1788 ET. SEQ.**

**JURY TRIAL DEMANDED**

23

24

25

26

27

28

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Elena Adame-Chavez, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Elena Adame-Chavez (hereafter "Plaintiff"), is an adult individual residing in Newark, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant Source Receivables Management, LLC ("Source"), is North Carolina business entity with an address of 100 N. Greene Street, Suite 600, Greensboro, North Carolina 27401, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Source and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Source at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.      The Debt**

8.      The Plaintiff allegedly incurred a financial obligation in the approximate amount of $600.00 (the "Debt") to Sprint (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Source for collection, or Source was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.      Source Engages in Harassment and Abusive Tactics**

12.     Within the last year, Source contacted Plaintiff in an attempt to collect the Debt.

COMPLAINT FOR DAMAGES

13.    During the initial contact and oftentimes thereafter, Source failed to identify itself to Plaintiff, and further failed to inform Plaintiff that the call was an attempt to collect the Debt and that all information obtained would be used for that purpose.

14.    During the initial contact, Plaintiff informed Source that she was experiencing financial hardship and could not afford to pay the Debt. Plaintiff directed Source to cease all communications with her.

15.    Thereafter, despite having been informed of Plaintiff's inability to pay and despite Plaintiff's directions to cease communications, Source continued calling Plaintiff in an attempt to collect the Debt at an excessive and harassing rate, sometimes placing three to four calls to Plaintiff's cellular phone per week.

16.    Source used loud and aggressive tone with Plaintiff in an effort to intimidate Plaintiff into making an immediate payment, yelling at Plaintiff and talking over her when she tried to speak.

17.    Plaintiff again tried to instruct Source to cease calls to her, however, Source terminated the call while Plaintiff was in mid-sentence, causing Plaintiff to feel oppressed and frustrated.

18.    Source threatened to damage Plaintiff's credit and stated that Plaintiff would never be able to buy anything in future if the Debt was not paid immediately.

COMPLAINT FOR DAMAGES

19.    On one occasion, Source told Plaintiff that whoever was paying her other bills should pay this one too, belittling Plaintiff and causing her to feel humiliated.

20.    Plaintiff reiterated her demand to Source to cease communications with her. Source responded by advising Plaintiff that it "didn't work that way" and that Source would continue to contact her until such time as the Debt was paid in full. Thereafter, Source continued to call.

## C.    **Plaintiff Suffered Actual Damages**

21.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

23.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

COMPLAINT FOR DAMAGES

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

26.     The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

27.     Defendants made false and deceptive and misleading representations as a means to collect the debt, in violation of 15 U.S.C. § 1692e.

28.     The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

29.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

30.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

31.   The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.   The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

33.   Source Receivables Management, LLC, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

34.   The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

35.   The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

36.   The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

37.   The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

38.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39.    The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

40.    California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

41.    The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with above referenced telephone calls.

42.    The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

43.    The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

44.    As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

45.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  October 26, 2012                    TAMMY HUSSIN


By:_____/s/   Tammy Hussin_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff Elena Adame-Chavez